IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADRU TECH LTD., ) | |
| ) | |
| Peitioner, ) | |
| ) | |
| v. ) | C.A. No. 24-901 (MN) |
| ) | |
| DS GAMES, INC., ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Carl N. Kunz, III, Eric J. Monzo, Ryan E. Carreon, MORRIS JAMES LLP, Wilmington, DE – Attorneys for Petitioner

January 28, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Presently before the Court is Plaintiff's Petition to Confirm Arbitration Award (D.I. 1) and Plaintiff's Motion for Entry of Default Judgment (D.I. 8). As discussed below, the Court will confirm the Arbitration Award and enter default judgment as requested.

**I.      FACTUAL BACKGROUND**

Petitioner ADRU Tech Ltd. is organized under the laws of the Republic of Cyprus. (D.I. 1 ¶ 1). Respondent DS Games Inc. is a Delaware corporation. (*Id*. ¶ 2). On or about April 7, 2022, DS Games entered into a Convertible Loan Agreement ("the Agreement") with ADRU in the amount of $600,000. (D.I. 1, Ex. B; D.I. 8-1 ¶ 2). The Agreement contained an arbitration provision which states that:

> Any dispute, controversy, difference or claim arising out of or relating to this contract, including the existence, validity, interpretation, performance, breach or termination thereof or any dispute regarding non-contractual obligations arising out of or relating to it shall be referred to and finally resolved by arbitration administered by the Hong Kong International Arbitration Centre (HKIAC) under the HKIAC Administered Arbitration Rules in force when the Notice of Arbitration is submitted. The seat of arbitration shall be Hong Kong. The number of arbitrators shall be one. The arbitration proceedings shall be conducted in English language.

(D.I. 1, Ex. B ¶ 6.1; D.I. 8-1 ¶ 2).

On March 2, 2023, ADRU commenced arbitration proceedings against DS Games for default of its payment obligations under the Agreement. (D.I. 1 ¶ 12; D.I. 1, Ex. A ¶ 11). The arbitration proceeding ("the Arbitration") was initiated through the Hong Kong International Arbitration Centre ("HKIAC"). (D.I. 8 ¶ 3). As part of the Arbitration findings, the arbitrator confirmed that ADRU had couriered hard copies of the relevant submissions and correspondence to DS Games and provided adequate proof thereof. (D.I. 8-1 ¶ 5; D.I. 1-1 ¶ 57). The arbitrator also directly sent correspondence to DS Games via the email address dr@qrmobi.com during the

course of the proceedings. (*Id.*). Ultimately, the arbitrator concluded that DS Games "has been duly notified of the commencement and the progress of this arbitration." (*Id.*). On March 21, 2024, the arbitrator issued her decision ("the Final Award") (1) confirming jurisdiction to determine the dispute; (2) ordering DS Games to pay ADRU the amount of USD 805,496 within 14 days; (3) ordering DS Games to pay ADRU interest on the amount of USD 600,000 at a rate of 1% compounded and accrued every one month from May 26, 2022, until January 10, 2023; (4) ordering DS Games to pay ADRU interest on the amount of USD 600,000 at the rate of 8.5% per annum from January 11, 2023, until payment in full of the award; (5) ordering DS Games to pay ADRU interest on the amount of USD 205,496.82 at a rate of 8.5% per annum from December 15, 2022, until payment in full of the award; (6) ordering DS Games to pay HKD 158,860.50 and EUR 8,000 for the overall arbitration costs incurred within 14 days; and (7) rejecting all other claims. (*See* D.I. 1, Ex. A).

On July 31, 2024, ADRU filed a Petition to Confirm Foreign Arbitration Award in this Court. (D.I. 1). On August 2, 2024, DS Games was served with a Summons and a copy of the Petition through its Delaware registered agent. (D.I. 4). DS Games did not respond. On September 13, 2024, the Clerk entered Default against DS Games for failure to appear or otherwise defend. (D.I. 7). Since the issuance of the Final Award, DS Games has not challenged the validity or existence of the arbitration provision, and no other basis to deny confirmation of the Final Award exists.

## II.     LEGAL STANDARDS

A party seeking to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), must first request that the Clerk of the Court enter the default of the party that has not answered or otherwise defended against the pleading within the time required by the rules or as extended by court order, pursuant to Federal Rule of Civil Procedure 55(a). ADRU has satisfied

this requirement.  Thereafter, with the filing of a motion for default judgment, "the entry of a default judgment is left primarily to the discretion of the district court," but "discretion is not without limits," and the preference is for cases to "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984).  "[I]n exercising its discretion, the trial court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable misconduct." *Id.* at 1181.  It should be noted, however, that when a defendant has failed to appear or respond in any fashion to the complaint or petition, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." *Mount Nittany Medical Center v. Nittany Urgent Care, P.C.*, 2011 WL 5869812, at *1 (M.D.Pa. Nov. 22, 2011), citing *Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990

### III. DISCUSSION

#### A. The Arbitration Award Is Enforceable

The New York Convention, as implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), permits the recipient of a foreign arbitration award to petition a district court to enforce it.  *See* 9 U.S.C. §§ 201-208.  Petitions to confirm an arbitration award are addressed through summary proceedings, which dispense with certain formalities including the pleading standards set in the Federal Rules of Civil Procedure which are inapplicable to FAA proceedings.  *See PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021).  Pursuant to the FAA, a court "shall confirm" a foreign arbitration award falling under the New York Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the . . . Convention." *Jiangsu Beier Decoration Materials Co. v. Angle World*

3

*LLC*, 52 F.4th 554, 560 (3d Cir. 2022) quoting 9 U.S.C. § 207.  An opposing party seeking to prevent confirmation of a foreign arbitration award bears a heavy burden, as arbitration awards are subject to an "extremely deferential" standard for review.  *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003).  Indeed, a court must enforce an arbitration award unless there is "absolutely no support at all in the record justifying the arbitrator's determinations."  *United Transp. Union Loc. 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995) (internal quotations and citation omitted).

Here, ADRU has demonstrated that the Court should confirm the Final Award.  First, the copy of the Final Award that had been certified by the HKIAC on July 25, 2024 confirms that the arbitration petition was served on DS Games by email, that ADRU couriered hard copies of the relevant submissions and correspondence to DS Games and that the Arbitrator also directly sent correspondence to DS Games during the course of the proceedings.  (D.I. 1, Ex. A ¶¶ 13, 14, 57).  In short, the Arbitrator concluded that DS Games "has been duly notified of the commencement and the progress of this arbitration."  (*Id.* ¶ 57).  Second, ADRU provided a copy of its Agreement with DS Games, executed by both ADRU and DS Games via DocuSign, which includes the arbitration provision quoted *supra*.  (D.I. 8-1 ¶ 17).

### B. Entry of Default Judgment Is Appropriate

All of the factors the Court should consider weigh in favor of entering a default judgment in favor of ADRU and against DS Games.  ADRU would be substantially prejudiced if default judgment were not entered.  ADRU initiated arbitration more than one year ago, and the delinquent payments under the Agreement became due almost two years ago.  Absent an enforceable judgment, ADRU is not likely to recover from DS Games any of the money to which it is entitled.  Nor does it appear that DS Games has a litigable defense.  The Final Award was filed on March 21, 2024.  (D.I. 1, Ex A).  The Clerk of Court entered default against DS Games more than

three months ago, on September 13, 2024. (D. I. 7). Since then, DS Games has done nothing. Indeed, to date, DS Games has wholly ignored this case, asserting no defense, let alone a meritorious one, nor has it taken any other action to indicate its intent to participate in these proceedings. Thus, the Court will enter default judgment against DS Games after having confirmed the Final Award.

### IV.    CONCLUSION

For the reasons stated, the Court grants Plaintiff's Petition to Confirm Arbitration Award (D.I. 1) and confirms the Arbitration Award and grants Plaintiff's Motion for Default Judgment (D.I. 8). An appropriate order will follow.